UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL LEE HINES, #452677,

        Petitioner,

                                   CASE NO. 2:14-CV-13983
v.                                   HONORABLE NANCY G. EDMUNDS

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Nathaniel Lee Hines ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. Petitioner pleaded guilty to first-degree home invasion, MICH. COMP. LAWS § 750.110a, and unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413, in the Ingham County Circuit Court. He was sentenced to 4 years 7 months to 20 years imprisonment on the home invasion conviction and 3 years 4 months to 5 years imprisonment on the unlawfully driving away conviction in 2004.

In his habeas application, Petitioner raises claims concerning illegal arrest, case dismissal and closure, improper charges/recharges for the same crime, and improper complaint. He also makes references to improper/lack of preliminary examination, a violation of the right against self-incrimination, and prosecutorial misconduct in his pleadings. Petitioner indicates that he did not pursue a direct appeal or collateral review

of his convictions and that he has not presented his habeas claims to the state courts. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his habeas claims in the

Michigan courts before proceeding in this Court on federal habeas review. Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* and seek further review in the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

A stay is unwarranted here. First, Petitioner does not request a stay nor assert that his circumstances justify a stay – and he indicates that all of his claims are unexhausted. Second, the habeas petition appears to already be untimely under the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), because Petitioner waited more than one year after his convictions became final to institute this action such that a non-prejudicial dismissal will not further affect the timeliness of the petition. Third, even assuming that Petitioner has not engaged in "intentionally dilatory tactics," he has not shown good cause for failing to exhaust his claims in the state courts

before seeking habeas relief in federal court. Lastly, the Court cannot discern whether Petitioner's unexhausted claims are "plainly meritless" from his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not presented his habeas claims to the state courts before filing this action, that he must properly exhaust his claims in the state courts before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the timeliness or the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma*

*pauperis* on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

        s/ Nancy G. Edmunds
        NANCY G. EDMUNDS
        UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2014